◼ In the Matter of MARGARET TURNER, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously modified in accordance with memorandum and, as modified, confirmed, without costs. Memorandum: Since 1970 petitioner and her minor children have been recipients of aid to dependent children. The Onondaga County Department of Social Services notified petitioner of its intent to reduce her grant in the amount of $580.36. This amount was reduced by the commissioner to $468.50. The department claims that petitioner had received that amount in overpayments during the period from April 14, 1973 through November 17, 1973. Fair hearings were held and the respondent commissioner determined that the petitioner had willfully withheld from the local agency information that she had received net earnings of $108.50 from employment. Petitioner claimed that she had telephoned the local agency and informed an unnamed person that she was temporarily employed. She was unable to substantiate the date or the time or the name of any person with whom she spoke. The local agency produced substantial evidence at the hearings to support the finding that petitioner willfully withheld the information about her employment and the local agency is, therefore, entitled to recoup the $108.50 which petitioner received from her employment. The right of the local agency to recover this amount

is provided for in existing rules and regulations (18 NYCRR 348.4). The local agency's claim that petitioner received $360 for subletting her apartment to one Borza is not supported by substantial evidence. The only evidence submitted by the local agency was an affidavit by the alleged tenant asserting that he paid petitioner $360 as rent. Petitioner testified that she had been "socially friendly" with the alleged tenant, that she had never rented the apartment to him, that she had him arrested for assault and that he had never given her any money. Petitioner claims that she was denied due process in the failure of the local agency to produce the affiant Borza; that she was denied her right of cross-examination and confrontation. Upon argument the Assistant Attorney-General with commendable candor admitted that there was no evidence corroborating the affidavit and that there was a failure of proof regarding the alleged overpayment of $360. The local agency, therefore, should not recover this amount. (Article 78 proceeding to review determination reducing public assistance, transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.