Seymour Schwartz, J.
Petitioner landlord moves for an order setting aside the decision of the court or for a new trial after a finding of a credit of $255 due to respondent tenant for breach of warranty of habitability for failure of the apartment air conditioner to operate for two summer months and failure of the gas stove to operate properly and safely for five and one-half months. Landlord contends that the decision is contrary to the evidence and contrary to law, specifically citing Steinberg v Carreras (77 Misc 2d 774) in support of its position that there was no adequate proof of the reduced value of the apartment.
There was sufficient evidence of the failure of the air conditioner and stove to operate properly during the periods at issue. Tenant, a law student, and his wife testified forcefully to the failure of the air conditioner to operate during two summer months and its effects and there was testimony by Con Ed that it was forced to "red tag” and turn off the gas stove because of its dangerous condition. Landlord had notice of these conditions but failed to timely make the necessary repairs.
In Steinberg v Carreras (supra) the Appellate Term, First Department, upheld the then innovative Judge-created law of breach of implied warranty of habitability but held "there was a lack of adequate proof of the reduced value of the apartments as a result of landlord’s failure to supply heat.” Subsequently the Legislature by chapter 597 of the Laws of 1975 passed section 235-b of the Real Property Law to establish a warranty of habitability for "uses reasonably intended by the parties.” Thus the Legislature signaled its approval of the newly created judicial right. The statute must be read as broadly as the ill to be cured (McKinney’s Cons Laws of NY, Statutes, § 95; Wiley v Solvay Process Co., 215 NY 584) and to achieve this, the remedy should be coextensive with the right. Thus, the proof of damages in a lease is no different from an ordinary contract action. That damages may be impossible to determine with mathematical accuracy does not preclude their award. (Dunkel v McDonald, 272 App Div 267; 13 NY Jur, Damages, § 17; 5 Corbin, Contracts, § 1020.) The Legislature did not intend such a narrow construction which would destroy the purpose to be effected. Steinberg v Carreras (supra) does not require the use of expert testimony as the sole *815 means of proving damages in an action for breach of habitability. And even if such were its purport, the subsequent legislative voice intended proof of damages to be the same as an ordinary contract action.
There was testimony of the rent of the apartment, the defective conditions with their effect, and the exact period of time they existed. The court was then in a position to reasonably determine the damage to tenant as a result. It is well to repeat here what was so aptly stated by Judge Sandler, the Trial Judge in Steinberg v Carreras (74 Misc 2d 32, 38):
"The economic realities of proceedings involving residential tenants make it unlikely that such testimony (expert) would be readily available to tenants in the usual case.
"Moreover, I seriously doubt that statistical information about the value of apartments operated in violation of law is available in a form that permits meaningful expert testimony.
"Under the circumstances presented, it is the clear responsiblity of the court to determine the value of the services of which the tenants were deprived and the extent and duration of the deprivation in relation to the work of the entire apartment, and form a practical judgment as to the amount by which the value of the apartment had been reduced.”
There was sufficient evidence for the court to determine that a deduction of $100 a month for an inoperable air conditioner for two summer months, and $10 a month for five and one-half months of a defective and unsafe stove were a reasonable measure of damages. The court is not limited to sums set by rent control or rent stabilization for the service since that is not the test in determining the damage suffered by the tenant. The test is the difference in the value of the apartment with and without the services. (Levine v Ehrenberg, NYLJ, June 11, 1973, p 18, col 2.) And it is elementary that breach of contract may give rise to damages in excess of contract price.
Only one further issue need be touched on. Landlord complains that the court’s unsuccessful efforts to settle the case resulted in "punishment” to landlord for failing to settle. During trial the tenant assented to a settlement and this was transmitted to landlord who refused the preferred offer. This was his right. The suggested settlement was approximately one half the court’s award. But the court at no time stated this would be the level of damages found. When settlement fell through, it was necessary for the court to make its *816 determination without resort to financial compromise. A settlement is a hedge to a risk. In litigation, the risk is that one party or the other may be completely or substantially vindicated. It is the risk of litigation which landlord now objects to and as to that, the choice not to settle was his.
Motion denied.