Per Curiam.

The final judgment should be unanimously modified by vacating the final judgment in favor of landlord and awarding final judgment to the tenant dismissing the petition and by severing tenant’s first counterclaim and remanding same for trial, and, as so modified, final judgment affirmed, without costs.
In the present case, landlord instituted a nonpayment proceeding to recover the amount of $700. Tenant raised the defense of breach of the implied warranty of habitability and the trial court found that the premises were in an appalling condition from the inception of the lease. The court abated the rent due, to the extent of the amount demanded by the landlord, but then awarded final judgment of possession to the landlord on the ground that it could not permit tenant to remain in possession under these conditions.
A nonpayment proceeding is a statutory remedy and in order for the landlord to obtain a final judgment he must establish that the "tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held” (Real Property Actions and Proceedings Law, § 711, subd 2). In the present case, the court found that tenant justifiably withheld payment of the rent because of the condition of the premises. Therefore, in the absence of the tenant being in default, it was improper for the court to have awarded judgment for the landlord. It is obvious that the court was attempting to have the tenant removed from premises it found to be uninhabitable. It would appear that the proper remedy would have been a holdover proceeding.
Tenant also asked for a total retroactive rent abatement. This court is of the opinion that tenant is not entitled to such *1002 relief. "Abatement” is defined as "A reduction, a decrease, or a diminution” (Black’s Law Dictionary [4th ed], p 15). Cases using this relief have limited it to a defensive or set-off type of relief and not for a recoupment type relief, especially where tenant, as here, remained in possession.
Tenant, in her first counterclaim, asks for $10,000 in damages. In support of this contention, she argues that since the court found that the premises were uninhabitable, landlord breached the contractual relationship between them by his failure to perform his part of the bargain and therefore, she should be entitled to a return of all moneys paid under the oral lease.
The doctrine of the implied warranty of habitability has been slow to evolve. As noted in Tonetti v Penati (48 AD2d 25), at common law there was no such warranty and the rule was lessee beware. Courts have recently begun to recognize the existence of such a relief (Amanuensis Ltd. v Brown, 65 Misc 2d 15; Jackson v Rivera, 65 Misc 2d 468; Garcia v Freeland Realty, 63 Misc 2d 937; Mannie Joseph, Inc. v Stewart, 71 Misc 2d 160; Morbeth Realty Corp. v Velez, 73 Misc 2d 996; Kipsborough Realty Corp. v Goldbetter, 81 Misc 2d 1054; Groner v Lakeview Mgt. Corp., 83 Misc 2d 932) and it can be said that this warranty existed even prior to its codification as section 235-b of the Real Property Law.
There is no doubt that damage was caused to the tenant as the result of the breach of the implied warranty by the landlord. The issue is the amount of the damage and the measurement of same. It is the opinion of this court that tenant has failed to establish the extent or proper measure of her damages and that a new trial should be had on this issue. (Cf. Steinberg v Carreras, 77 Misc 2d 774, with Groner v Lakeview Mgt. Corp., supra.) It is also suggested that in view of the fact that the Department of Social Services is in reality an interested party, either directly or indirectly, in any recovery by the tenant (see Matter of Turner v Lavine, 51 AD2d 886), counsel for tenant should notify said department of the date of the new trial.
Tenant is not entitled to an injunction herein in that under subdivision (b) of section 209 of the Uniform District Court Act, the District Court does not have the power, under these circumstances, to issue such relief.
Concur — Glickman, P. J., Gagliardi and Silberman, JJ.