Robert E. White, J.
This is an article 78 proceeding wherein petitioner sought to challenge the termination of public assistance benefits to herself and her two minor children.
Petitioner applied for public assistance and her minor children in the aid to families with dependent children, but was rejected by respondent Reed because she made a false statement in her eligibility application in that she failed to disclose that she had an automobile registered in her name. The fair hearing officer affirmed the denial of assistance to petitioner and her infant children.
This court has ruled that petitioner’s termination was valid as to petitioner, but reserved decision on the question of the termination of benefits to the two minor children of the petitioner.
The question presented is whether termination of the moth *876 er’s eligibility by reason of her making a false statement as to eligibility, should likewise terminate the children’s eligibility.
This court is bound by the decision in Charleston v Wohlgemuth (332 F Supp 1175, affd 405 US 970). The termination of welfare benefits due to the failure to disclose the ownership of an asset is not in violation of the applicable Federal statutes or regulations. And as a concomitant result of the failure by the adult to disclose, the denial of benefits extends to the entire family unit. The reasoning in the Charleston case is sound — were it to be otherwise, a parent could thwart the purpose of the requirement to disclose by refusing to reveal assets, and yet, the members of the family unit would receive welfare benefits.
Further, it would be inconsistent and illogical to allow separate categories of eligibility. If an adult fails to disclose assets, and is discovered, she receives money for children and not for herself — if she fails to disclose assets, and is not discovered, she has a profitable arrangement which is not only unfair to other welfare recipients who honestly disclose their assets, but also cheats the taxpayers who pay for welfare costs.
The (contention of the petitioner that the Social Services Department has the burden to prove that the minor children have the resources to meet their needs is without merit.