■   In the Matter of Denise Reed, Appellant, v Philip Toia, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment unanimously reversed, without costs, determination annulled and matter remitted to the Monroe County Department of Social Services for further proceedings in accordance with the following memorandum: Petitioner Denise Reed was a recipient of public assistance under the aid to families with dependent children category. Her public

assistance was discontinued in a notice sent by respondent Director of the Monroe County Department of Social Services dated June 21, 1976 for the reason that the petitioner Denise Reed failed to verify her needs and resources during the course of her recertification on May 28, 1976. At the fair hearing requested by petitioner, respondent stated that appellant was discontinued solely for failing to advise the agency of the ownership of a 1975 Plymouth Valiant. There is substantial evidence in the record to support the determination that the petitioner Denise Reed was the owner of the 1975 Plymouth Valiant (Matter of Acquasanta v Toia, 56 AD2d 705). The fair hearing summary provided petitioner by the Monroe County Department of Social Services states the local agency's legal position with respect to the notice of discontinuance of petitioner's benefits: "Appellant has failed to comply with eligibility requirements by failing to provide complete and accurate information concerning her potential resources. An investigation has revealed that the appellant is the registered owner of a 1975 Plymouth. Her failure to declare this property at her May 28, 1976 recertification precludes an accurate determination of her needs. Dept. Reg. 352.15 (d); 352.11; 352.20 (b) (3) (vi); 351.8 (a) (2) (ii); 351.1 (b) (2) (ii)". An automobile is to be considered a resource with potential to reduce or eliminate the need for public assistance where it can be determined that it is a nonessential item (18 NYCRR 352.15 [d]). Respondents Commissioners of the State Department of Social Services and Monroe County Department of Social Services point to no statute, regulation or case law which permits the termination of AFDC or other benefits upon the mere failure to include a resource which might have probable value for reducing or eliminating recipient's need for public assistance. 18 NYCRR 352.31 (d) (2) provides for the recoupment of overpayments of public assistance where the overpayments resulted from the willful withholding of information concerning income or resources or other circumstances affecting the payment of public assistance grants. Such recoupment has been ordered upon a finding of a willful withholding of information concerning income tax refunds by a current recipient of public assistance and upon a finding of willful withholding of information concerning earnings from employment (Matthews v Lavine, 51 AD2d 643; Matter of Turner v Lavine, 51 AD2d 886). Petitioner Denise Reed does not contend that the 1975 Plymouth Valiant is needed because of the unavailability of public transportation. A determination should be made, however, whether disposition of the automobile would result in a cash surplus available to reduce her need for public assistance (Matter of Knowles v Lavine, 34 NY2d 721). The determination of the State Commissioner of Social Services affirming after a fair hearing the determination of the Commissioner of Monroe County Social Services to terminate petitioner's public assistance for failure to disclose the ownership of the 1975 Plymouth Valiant found registered in her name by a Motor Vehicle Department search, was not authorized by statute or departmental regulations. Petitioner should be restored to AFDC benefits retroactively to the extent that she properly can demonstrate continuing eligibility. The availability of petitioner's automobile as a resource to be used for the reduction of need for public assistance should be explored and analyzed by the Monroe County Department of Social Services (18 NYCRR 352.15 [d], 352.11). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Witmer, JJ. [90 Misc 2d 875.]