OPINION OF THE COURT
Richard S. Lane, J.
When the warranty of habitability (Real Property Law, § 235-b) is used defensively, conventional wisdom designates it as an affirmative defense and assigns the burden of proof to tenant asserting the breach thereof (Bianchi v Ficoratto, 83 Misc 2d 996; see Houston Realty Corp. v Castro, 94 Misc 2d 115, 118).
Tenant, in this nonpayment summary proceeding tried before me and a jury, challenges that conventional wisdom. Preliminarily she moved to dismiss the petition for failure to allege compliance with the warranty, upon which motion I reserved. Thereafter, she requested jury instructions placing *774 the burden of proof on landlord to show compliance with the warranty.
That conventional wisdom has to be in error. It is belied by the very objective of the warranty as it evolved slowly in this court and as it is now codified in statute — to render the previously independent covenant to pay rent dependent on the implied covenant to furnish reasonably decent and safe housing. A lease today is to be approached essentially as a contract with mutually dependent obligations (see Park West Mgt. v Mitchell 62 AD2d 291, 294-295; Tonetti v Penati, 48 AD2d 25, 29; Lefrak v Lambert, 89 Misc 2d 197, 201-202). Pursuing the contract analogy, landlord may not recover rent or possession unless and until he has proven performance of all the obligations on his part to be performed, including compliance with the warranty (Covington v McKeiver, 88 Misc 2d 1000).
Should I now take the further jump sought by tenant, and hold, as did my colleague, Judge Leonard Cohen, in Houston Realty Corp. v Castro (94 Misc 2d 115, supra) that landlord is required to allege compliance in his petition? Arguably, following Judge Cohen, compliance could be treated as one of the essential facts upon which the proceeding is based (Real Property Actions and Proceedings Law, § 741, subd 4). I decline to follow, because to do so would operate unnecessarily in many instances to jeopardize the summary nature of summary proceedings. The issue of compliance would be introduced in every case even though neither party desired to raise it. The experienced landlord with good professional advice would, of course, have no trouble. The individual small landlord, on the other hand, could stumble or could expend inordinate time and resources proving compliance even though it was not being controverted.
More compatible with the interests of all parties would be to require tenant seeking to raise an alleged breach of the warranty to plead the defense and to go forward with prima facie evidence establishing the same. In this manner, landlord would be on notice to be prepared to meet his burden of proving compliance, and no time in court would be devoted to the issue unless it were a real one. This solution is in keeping with the Governor’s mandate to the courts to work out on a case-by-case basis appropriate procedures to implement the warranty (Governor’s Message of Approval, L 1975, ch 597; NY Legis Ann, 1975, p 437). Nothing herein is intended to apply, of course, where tenant is seeking to use the warranty *775 as the basis for a counterclaim or as the basis for an independent plenary action.
Accordingly, tenant’s motion to dismiss the petition is denied, but, in accordance with tenant’s request, the jury will be given suitable instructions placing on landlord the burden of proof of compliance with the warranty during the period covered by his petition.