OPINION OF THE COURT
Jack Mackston, J.
In this summary proceeding the landlord seeks to evict the tenant for objectionable conduct as provided in subdivision 2 of section 52 of the Tenants Protection Regulations (9 NYCRR 2504.2 [b], promulgated pursuant to section 10 of chapter 576 of the Laws of 1974 and hereinafter referred to as TPR). In response tenant moves to dismiss the petition contending the same to be jurisdictionally defective by reason of legal insufficiency.
To withstand this motion, the petition must allege facts with sufficient particularity to apprise the court and respondent of the transaction to be established as well as the material elements of the cause of action (CPLR 3013, 103, subd [b]; 105, subd [b]) and in this regard the CPLR is liberally construed. (Foley v D'Agostino, 21 AD2d 60; 3 Rasch, NY Landlord & Tenant [2d ed], § 1261.)
With this in mind the court finds the petition sufficient and respondent’s specific objections are dealt with as follows:
(1) Petitioner’s and respondent’s interest in the subject property are sufficiently stated.
(2) The form and content of the petition are in compliance with RPAPL 741 and not contrary to the requirements of Granet Constr. Corp. v Longo (42 Misc 2d 798).
*280 (3) Petitioner has adequately alleged the facts upon which the proceeding rests and respondent’s objectionable conduct. Further details may be obtained through a bill of particulars (CPLR 3041, 103, subd [b]).
(4) Where the eviction proceeding is brought under subdivision 2 of section 52 of the TPR (9 NYCRR 2504.2 [b]) there is no requirement that the landlord first give tenant notice demanding that the objectionable behavior be discontinued.
(5) The fact that the petition alleges service of a “notice to vacate” upon tenant, while the affidavit of service with respect thereto refers instead to a “notice of petition” pertains to a question of proof and not pleading.
(6) In a holdover proceeding based upon tenant’s objectionable conduct as provided in subdivision 2 of section 52 of the TPR, landlord need not plead compliance with the warranty of habitability implied in every residential lease by section 235-b of the Real Property Law.
The law of landlord and tenant has developed to the point where it is now recognized that a lease of residential premises establishes a contractual relationship with mutual obligations (Tonetti v Penati, 48 AD2d 25). This concept has a procedural effect. Though the covenant to pay rent is dependent upon landlord’s fulfillment of his obligation to provide habitable residential accommodations (Park West Mgt. Corp. v Mitchell, 47 NY2d 316), landlord need not, in the first instance, plead compliance with a warranty of habitability as a contractual condition precedent and need only prove that which has been specifically denied with particularity (CPLR 3015, subd [a]; 103, subd [b]).
This would appear to be the correct theory and most practical, since the tenant best knows in what regard the landlord has allegedly failed in his obligation, rather than require the latter to run the gamut of proof as to compliance with the warranty though the same may not necessarily be at issue (Maryanov v Peters, 96 Misc 2d 773).
In the present matter, a holdover proceeding based upon nuisance, reason indicates that the landlord’s purported noncompliance with some aspect of the warranty of habita *281 bility does not justify tenant’s creating a nuisance or engaging in objectionable conduct that might jeopardize the well-being of other tenants. Respondent’s proper remedy in such case would be to commence a plenary action under section 235-b of the Real Property Law.
In any event, the petition need not allege compliance with the warranty of habitability as a precondition to maintaining a proceeding under subdivision 2 of section 52 of the TPR.
Accordingly, the motion to dismiss is denied.