## (April 12, 1983)

■ SUTTON FIFTY-SIX COMPANY, Respondent, v JAMES GARRISON, Appellant. SUTTON FIFTY-SIX COMPANY, Respondent, v NANCY EILS, Appellant. SUTTON FIFTY-SIX COMPANY, Respondent, v RENEE M. J. PFISTER, Appellant. SUTTON FIFTY-SIX COMPANY, Respondent, v PATRICIA MATTHEWS, Appellant. SUTTON

FIFTY-SIX COMPANY, Respondent, v MARGARET FRIDECKY et al., Appellants. SUTTON FIFTY-SIX COMPANY, Respondent, v JOSE DANTAS, Appellant. SUTTON FIFTY-SIX COMPANY, Respondent, v CECIL H. DUNN, Appellant. — Order, Appellate Term, First Department, entered on January 20, 1982, which affirmed the order of the Civil Court, New York County (Wright, J.), dated June 17, 1981, which struck the first and second affirmative defenses and counterclaims, is unanimously modified, on the law and in the exercise of discretion, to reinstate the second affirmative defense and counterclaim, and is otherwise affirmed, without costs. These are seven unconsolidated nonpayment summary proceedings. Landlord's predecessor in title, in constructing the building at 345 East 56th Street, erected the exterior northerly wall flush with the lot line without any setback. Consequently, the windows in a second bedroom in the "C & D" lines in the building are right on the lot line. The apartments in these lines were advertised as two-bedroom units, the second bedroom being the one with the windows flush with the lot line. The filed plans approved by the building department at the time the building was constructed in the early 1960's, labeled the room as a "dressing room". All was well until another building was constructed on the adjacent lot to the north in 1980. This building was also constructed flush with the lot line, with the result that a brick wall was erected immediately opposite the windows in the second bedroom of the "C & D" lines of 345 East 56th Street, blocking out light, air and ventilation from these premises. Tenants of the apartments in those lines stopped paying their rent and landlord commenced these nonpayment summary proceedings. The tenants asserted affirmative defenses and counterclaims alleging actual partial eviction; breach of warranty of habitability; fraud and seeking attorney's fees under section 234 of the Real Property Law. They also sought abatement of rent as well as damages. The landlord moved to dismiss the first affirmative defense and the counterclaim, which asserted actual, partial eviction as being legally insufficient. Alternatively, landlord sought to sever the first counterclaim and to have it prosecuted in a plenary action. Landlord also sought to dismiss or sever the second and third counterclaims (but not the affirmative defenses) with leave to prosecute those counterclaims in a plenary action. Four of the leases have provisions prohibiting the assertion of counterclaims in summary proceedings and all of the leases contain a clause absolving the landlord of any liability "for any interference * * * with the light, ventilation or view * * * caused by any construction of any nature by any other person or governmental body." The Civil Court granted landlord's motion to the extent of dismissing the first and second affirmative defenses and counterclaims, and severing the third affirmative defense and counterclaim, and the Appellate Term affirmed. The second affirmative defense and the counterclaim alleging breach of the warranty of habitability should not have been severed and dismissed. The allegations set forth therein derive directly from section 235-b of the Real Property Law, in that they assert that the second bedroom, which was reasonably intended by the parties to be used as a room for living purposes is no longer "fit for the uses reasonably intended by the parties, and the respondent-tenant has been subjected to conditions [lack of space, light and ventilation] which are dangerous, hazardous and detrimental to [their] life, health and safety." Since the allegations are derived directly from the statute, it was error to hold that they were legally insufficient. Moreover, significantly, landlord did not seek dismissal of the affirmative defense alleging breach of the warranty of habitability; it merely sought to sever that counterclaim. The exculpatory clause in the lease is not a bar to the defense, since section 235-b of the Real Property Law voids any lease provision that purports to modify any tenant's rights arising thereunder. Nor

is it controlling that the "culprit" is the adjacent landlord, since the statutory warranty of habitability can apply to conditions resulting from events beyond a landlord's control. (*Park West Mgt. Corp. v Mitchell,* 47 NY2d 316, affg 62 AD2d 291.) Since the affirmative defense alleging the breach of warranty of habitability is a viable defense that should not have been dismissed, the counterclaim asserting the breach should not have been severed as identical evidence will undoubtedly be offered in both proceedings. Where the issues raised in the counterclaim bear directly upon the landlord's right to possession, they are said to be intertwined in the summary proceeding issues and should be disposed of in one proceeding. (*Great Park Corp. v Goldberger,* 41 Misc 2d 988.) Concur — Murphy, P. J., Ross, Bloom, Milonas and Alexander, JJ.