OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that upon reargument the provision in the previous decision remitting the sum of $2,900, representing March and April 1995 rent on deposit with the court, to landlord is stricken and landlord is directed to make restitution of these moneys to tenant and by remanding the matter to the court below for a determination of tenant’s counterclaim for breach of the warranty of habitability with respect to the months of October and November 1994. As so modified, order affirmed without costs.
Landlord commenced this nonpayment proceeding seeking to recover rent for the months of December 1994 and January and February 1995. Tenant counterclaimed, alleging that she was deprived of air, light and ventilation as the result of the placement in October 1994 of plastic sheeting around the exterior of the house in connection with the removal of lead paint. Tenant also asserted that the paint removal resulted in extremely elevated levels of lead-laden dust in the apartment, which condition constituted a threat to the health of tenant’s infant daughter. In addition, tenant sought reimbursement for, inter alia, the cost of lead sampling and her daughter’s medi *1042 cal care. After trial, the court found that the presence of the lead had rendered the apartment unusable and granted tenant a total abatement of December, January and February rent but no affirmative relief. The court also directed that March and April rent on deposit with the court be remitted to landlord.
Tenant moved to reargue, contending that the court had erred in remitting the March and April rent to landlord, in denying her counterclaim for the cost of the lead analysis and the medical examination of her daughter, and in failing to determine her claim for deprivation of air, light and ventilation. Upon reargument, the court adhered to its original decision.
As a threshold matter, we note that an order granting reargument and adhering to the previous decision is appealable (see, e.g., Wolther v Samuel, 110 AD2d 506; Price v Price, 228 App Div 796).
In our view, it was error for the trial court to fail to make an award to tenant upon her counterclaim for deprivation of air, light and ventilation with respect to the period from the middle of October through the end of November 1994. The evidence showed that the deprivation of air, light and ventilation commenced in mid-October. Contrary to landlord’s contentions, a deprivation of light, air and ventilation constitutes a breach of the warranty of habitability (see, Sutton Fifty-Six Co. v Fridecky, 93 AD2d 720) and an exact measure of damages is not required. Proof of the existence, extent and duration of the condition is sufficient to put the court in a position to determine damages (see, Whitehouse Estates v Thomson, 87 Misc 2d 813).
We also reject landlord’s contention that in a summary proceeding a claim for breach of the warranty of habitability may be used only as a setoff to the rent demanded but that affirmative relief must be sought in a plenary action. In Covington v McKeiver (88 Misc 2d 1000), this court specifically permitted the maintenance of a counterclaim for rent previously paid under the lease (see also, Alp Realty Corp. v Huttick, 160 Misc 2d 76 [App Term, 1st Dept], and. cases cited therein). While we are aware of appellate authority to the contrary (Fisher| Knickerbocker Co. v Green, NYLJ, May 14, 1992, at 27, col 6 [App Term, 2d & 11th Jud Dists]; Fisher v Cronin, NYLJ, Feb. 1, 1990, at 29, col 5 [App Term, 2d & 11th Jud Dists]; see generally, Lin v Brabham, NYLJ, Jan. 17, 1996, at 34, col 2 [Civ Ct, Kings County, Gould, J.]), we decline to follow these cases. In *1043 this regard, we note that RPAPL 743 provides that the "answer may contain any legal or equitable defense, or counterclaim.” We further note that no ground for severance of tenant’s counterclaim was here shown inasmuch as the counterclaim was part and parcel of tenant’s defense to landlord’s claim for rent.
We also reject landlord’s claim that because tenant received a total abatement of rent in the sum of $4,350 further recovery by tenant is barred as in excess of the monetary limit on the jurisdiction of the Justice Court with respect to counterclaim (UJCA 208). Inasmuch as an abatement of rent is a defense, defeating landlord’s claim for rent, the granting of additional affirmative relief to tenant upon her counterclaim is not precluded.
We have examined landlord’s other contentions and find them to be without merit.
Turning to tenant’s other contentions, we note that tenant did not in her motion to reargue raise any issue with respect to her claim based on the deprivation of a parking space so that this claim is not properly before us. With respect to tenant’s claims for reimbursement for the cost of medical care for her daughter and for the cost of lead analysis, it is our view that these expenses were not adequately proven at trial. We therefore do not reach the issue of whether these expenses are chargeable to landlord.
With respect to the rent for March and April, which was on deposit with the court, it was error for the court to direct that these moneys be remitted to landlord. This rent was not sought in the petition and the petition was not amended. Under the circumstances, landlord did not establish its right to these moneys.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.