■ In the Matter of COMMITTED COMMUNITY ASSOCIATES, Appellant, v REGINA CROSWELL, Respondent. [673 NYS2d 708] —In a summary proceeding to recover for the nonpayment of rent, the petitioner appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the 2nd and 11th Judicial Districts, dated March 7, 1997, as (1) dismissed its appeal from a decision of the Civil Court, Kings County (Callender, J.; *see,* 164 Misc 2d 756), dated March 8, 1995, and (2) affirmed so much of a judgment of the same court entered June 13, 1995, as based the tenant's rent abatement of $2,300 upon the full monthly contract rent rather than the tenant's share thereof.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner-landlord commenced this proceeding to recover for the nonpayment of rent, and the respondent-tenant counterclaimed that the landlord had breached the warranty of habitability. The apartment in question was subject to Federal regulations by the Department of Housing and Urban Development as project-based Section 8 housing (*see,* 24 CFR part 880). Contrary to the landlord's claim on appeal, the Civil Court did not lack subject matter jurisdiction in this case (*see,* CCA 110). Furthermore, the Appellate Term properly affirmed the Civil Court's determination that the monetary basis for calculating the rent abatement found to be due the tenant because of the landlord's breach is the full contract rent, defined in the regulations as the sum a landlord receives both from HUD (or through public housing agencies) and from the tenant (*see,* 24 CFR 880.101 [c]), and which reflects the fair market value of the apartment (*see, Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 329, *cert denied* 444 US 992). Bracken, J. P., Copertino, Joy and McGinity, JJ., concur. [*See,* 171 Misc 2d 340.]