Mohammed Atif, Respondent, 
against
Erika Disapio, Appellant.




Erika Disapio, appellant pro se.
Mohammed Atif, respondent pro se (no brief filed).

Appeal from a final judgment of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), entered July 13, 2017. The final judgment, after a nonjury trial, awarded landlord possession and the sum of $5,000 in a nonpayment summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the District Court for a new trial.
In this nonpayment proceeding, landlord seeks to recover rent for the months of May and June 2017. Tenant interposed a pro se answer, containing, among other things, an affirmative defense and counterclaim that landlord had breached the warranty of habitability starting from January 2017, and an affirmative defense and counterclaim that tenant had improperly been charged rent since her tenancy began in December 2016 because the premises were being illegally rented without a permit.
At a nonjury trial held on July 6, 2017, after landlord had rested his case, tenant presented evidence regarding landlord's alleged breach of the warranty of habitability, and specified that the repair issues in the subject premises included the inability to open five of the seven windows. The court admitted into evidence several emails, dated May 6 and 8, 2017, between landlord and tenant regarding the repairs. Tenant also sought to introduce additional emails between her and landlord regarding repairs from earlier dates, but the District Court excluded that evidence, stating, "I'm not taking them because none of that is concerned with the rent that we have here, which is May and June." Before the close of the trial, the District Court asked tenant why she had not arranged for someone to evaluate the repairs needed in the subject premises and then have that person testify as an expert witness. Tenant stated that she did not know that she was able to do that and that she just kept calling landlord asking for the repairs to be completed. Following the trial, the court awarded landlord a final judgment of possession and the sum of $5,000, representing all the rent due from May through July 2017, without expressly ruling on [*2]tenant's counterclaims. A final judgment was subsequently entered on July 13, 2017.
A counterclaim may be maintained for rent previously paid to a landlord, and a tenant's recovery is not limited to the rent demanded in the nonpayment proceeding (see Edgemont Corp. v Audet, 170 Misc 2d 1040 [App Term, 2d Dept, 9th and 10th Jud Dists 1996]; see also Alp Realty Corp. v Huttick, 160 Misc 2d 76 [App Term, 1st Dept 1994]). Here, despite tenant's counterclaim regarding landlord's alleged breach of the warranty of habitability since January 2017, when tenant attempted to introduce into evidence emails with landlord regarding repair issues from January and February 2017, the District Court refused to admit tenant's evidence. "Reversal of a judgment based upon the improper exclusion of evidence is warranted when, had such evidence been admitted, it may have had a substantial influence upon the result of the trial" (Platovsky v City of New York, 275 AD2d 699, 700 [2000]).
The District Court also failed to make any findings with respect to tenant's counterclaims, including landlord's alleged breach of the warranty of habitability. "[A] deprivation of light, air and ventilation constitutes a breach of the warranty of habitability" (Edgemont, 170 Misc 2d at 1042; see Sutton Fifty-Six Co. v Garrison, 93 AD2d 720 [1983]). Tenant alleged that five of the seven windows in the premises could not be opened. We note that, despite the District Court's statements to the effect that expert testimony was required to evaluate the repairs that were allegedly necessary, Real Property Law § 235-b provides, in pertinent part, "In determining the amount of damages sustained by a tenant as a result of a breach of the warranty [of habitability], the court . . . need not require expert testimony."
Tenant's claim that no rent is due based upon landlord's alleged failure to obtain a valid permit from the Town of Islip to rent the subject premises lacks merit. "The fact that an apartment is rented without a permit does not preclude the recovery of rent, absent a statutory bar to such recovery" (Hayes v Ramsey, 60 Misc 3d 137[A], 2018 NY Slip Op 51114[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see Madden v Juillet, 46 Misc 3d 146[A], 2015 NY Slip Op 50214[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Sinclair v Ramnarace, 36 Misc 3d 150[A], 2012 NY Slip Op 51671[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; Corbin v Briley, 192 Misc 2d 503, 504 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). Even where there is a statutory proscription against the recovery of rent by a landlord (see e.g. Multiple Dwelling Law § 325 [2]), rent that was voluntarily paid is not recoverable by a tenant, despite the premises' illegal status (see Hayes, 60 Misc 3d 137[A], 2012 NY Slip Op 51671[U]; Candela v Fried, 3 Misc 3d 136[A], 2004 NY Slip Op 50508[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004] [rents voluntarily paid for period of noncompliance cannot be recovered]; see also Ovalles v Mayer Garage Corp., 8 Misc 3d 137[A], 2005 NY Slip Op 51261[U], *1 [App Term, 1st Dept 2005] [a tenant cannot "recoup rents already paid"]).
Accordingly, the final judgment is reversed and the matter is remitted to the District Court for a new trial.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2019