Wheeler v Linden Plaza Preserv. LP (2019 NY Slip Op 04100)





Wheeler v Linden Plaza Preserv. LP


2019 NY Slip Op 04100


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9431 150079/17

[*1]Deborah Wheeler, Plaintiff-Appellant,
v Linden Plaza Preservation LP, et al., Defendants-Respondents.


Peter H. Paretsky, Attorney at Law, PLLC, New York, (Peter H. Paretsky of counsel), for appellant.
Rubin, Fiorella & Friedman LLP, New York (Mara Schiefelbein of counsel), for Linden Plaza Preservation LP and Linden Plaza Housing Co., Inc., respondents.
Wood Smith Henning & Berman LLP, New York (Christopher J. Seusing of counsel), for RY Management Co., Inc., respondent.
Ahmuty, Demers & McManus, Albertson (Nicholas M. Cardascia of counsel), for Madison Security Group, Inc., respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about March 12, 2018, which granted defendant RY Management Co. Inc.'s pre-answer motion to dismiss, and defendants Linden Plaza Preservation LP and Linden Plaza Housing Co., Inc.'s, and Madison Security Group, Inc.'s respective motions for summary judgment, unanimously reversed, on the law, without costs, and the motions denied.
The motion court should not have dismissed the complaint based on res judicata. Plaintiff tenant's claims for money damages arising out of torts unrelated to possession of the premises or collection of rent, and involving parties other than just her landlord, could not have been brought as counterclaims in housing court and therefore were not subject to preclusion under the doctrine of res judicata (Rostant v Swersky, 79 AD3d 456 [1st Dept 2010]).
The Civil Court Act and article 7 of the RPAPL provide the housing court with limited jurisdiction in summary proceedings, that is: actions for the recovery of possession of real property under various circumstances, and actions for the collection of rent (New York City Civil Court Act § 204; RPAPL 711). To require a party to raise claims outside the housing court's purview solely to preserve them for severance and transfer to another court would be a waste of judicial resources. What is more, requiring the housing court to hear any manner of claim merely because they arise, however tangentially, out of the same facts as an article 7 proceeding would turn the housing court into a court of general jurisdiction.
Res judicata does not apply to claims, as here, that are not inextricably "intertwined" with the landlord's recovery of possession or collection of rent (Sutton Fifty-Six Co. v Fridecky, 93 AD2d 720, 722 [1st Dept 1983]). Notably, neither the management company nor the security company were or could have been parties to the landlord defendants' summary proceeding against the tenant, and therefore res judicata would not apply to them in any event.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK