282 Gun Hill LLC v Ortiz (2025 NY Slip Op 50042(U))

[*1]

282 Gun Hill LLC v Ortiz

2025 NY Slip Op 50042(U)

Decided on January 19, 2025

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 19, 2025
Civil Court of the City of New York, Bronx County

282 Gun Hill LLC, Petitioner (Landlord),

against
Marilyn Ortiz NYCHA, Respondent (Occupant).

Index No. LT-018308-19/BX

Attorney for Petitioner:
TRUDY-ANN NICOLE MCKENZIE, ESQ.
Firm Name: McKenzie Law Group, P.C.
Address: 4200 White Plains Rd, Bronx, NY 10466
Phone: 347-913-4672 Service
E-mail: Mainoffice&commat;mlgpc.org
Attorney for Respondent:
ANETTE BONELLI, ESQ.
Firm Name: DISTRICT COUNSEL 37
Address: 125 Barclay St, New York, NY 10007
Phone: (212) 815-1875 Service
E-mail: abonelli&commat;dc37.net
Other E-mails: calter&commat;dc37.net

Diane E. Lutwak, J.

Recitation, as required by CPLR R 2219(A), of the papers considered in the review of Petitioner's motion to restore to calendar and allow execution of warrant of eviction pursuant to DRP 213(1)(b) [m seq #4], Petitioner's motion to vacate ERAP stay [m seq #6], and Respondent's cross-motion to set matter down for a hearing to determine an abatement and order to correct conditions in the apartment [m seq #7], consolidated herein for determination:
Papers NYSCEF DOC #
Legacy File 4
Petitioner's Notice of Motion (seq #4) 5
Petitioner's Agent's Affidavit and Exhibits A-B in Support 6, 8-9
Petitioner's Notice of Motion (seq #6) 20
Respondent's Agent's Affidavit and Exhibits A-C in Support 21, 22-24
Respondent's Notice of Cross-Motion (seq #7) 25
Respondent's Attorney's Affirmation in Support of Cross-Motion/Opp to Motion 26
Respondent's Affirmation in Support of Cross-Motion/Opp to Motion 27
Petitioner's Attorney's Affirmation in Opposition to Cross-Motion 28
Respondent's Attorney's Reply Affirmation on Cross-Motion 29
PROCEDURAL HISTORY & BACKGROUND
This is a pre-pandemic nonpayment eviction proceeding commenced by Petition dated March 26, 2019 seeking to collect rent arrears of $1530.04 ($177.04 for December 2018 and $451/month for January through March 2019) from a Rent Stabilized, Section 8-subsidized tenant. Respondent pro se filed an Answer on April 10, 2019 and the case was calendared for April 17, 2019, when it was adjourned by stipulation to June 4, 2019 for Respondent to subpoena Section 8 subsidy records from the New York City Housing Authority (NYCHA) and meet with a legal services provider. NYCHA provided the court with a report dated May 22, 2019 indicating that Respondent's monthly share of the rent was $451 as of that date, increasing to $494 as of June 2019, and the subsidy was suspended effective March 1, 2019 due to HQS (housing quality standards) violations. On June 4, 2019 the case was settled, Petitioner by counsel and Respondent pro se, by stipulation awarding Petitioner a final judgment for $945, warrant to issue forthwith, execution stayed through July 15, 2019 for Respondent to pay the judgment and Petitioner to inspect and repair as legally required "ceilings throughout". The agreement further severed $525.28 "owed prior to 3/1/18" and included a "current rent" provision. Based on this stipulation, the court entered a judgment on June 4, 2019 and issued a warrant to City Marshal Vadim Barbarovich on June 20, 2019.
Respondent pro se thereafter filed three Orders to Show Cause (OSCs) that were signed by the court and resolved as follows:
• OSC #1, filed 7/25/19, returnable 8/5/19, supported by copies of two money orders dated 7/25/19 adding up to the judgment amount of $945 and Respondent's affidavit stating, "They didn't comply with repairs. Came on 7/17/19 and next day was leaking. Have pictures as proof. Need them to do the job right. There is mold and I have a child w/asthma."Housing Court Judge Lach adjourned this OSC to 8/20/19 [FN1] and ordered an inspection of "ceiling water damaged" by the New York City Department of Housing Preservation and Development (HPD) for 8/13/19, resulting in Violation # 13225113 placed that day for Petitioner to "PROPERLY REPAIR THE SOURCE AND ABATE THE EVIDENCE OF A WATER LEAK AT CEILING IN THE 1st ROOM FROM EAST". OSC #1 was adjourned three more times and then denied on 11/25/19 upon Respondent's default.
• OSC #2, filed 12/5/19, returnable 12/18/19, supported by Respondent's affidavit stating that no repairs had been done and that she missed the 11/25/19 court appearance because she had the flu; Respondent provided a letter from Morris Park Urgent Care dated 11/25/19. This OSC was adjourned first by written stipulation to 2/10/20 with access dates for repairs and then to 2/18/20 when it was denied due to Respondent's failure to appear.
• OSC #3, filed 2/21/20, returnable 3/5/20, supported by Respondent's affidavit stating [*2]that she missed the 2/18/20 court appearance because her grandmother died and she returned from out of town on 2/20/20. This OSC was settled on 3/5/20 by stipulation acknowledging receipt in court of five payments of $494 each for a total of $2470; staying execution of the warrant through 3/26/20 for payment of $1031, with a current rent provision; and scheduling access for repairs on 3/23/20 and 3/24/20, noting, "Respondent alleges repairs completed but she states ceilings cracked again."
On July 26, 2021 Petitioner filed a pandemic-era motion (seq #4) under the applicable Court Administration Directive, DRP-213 [FN2]
, seeking to restore the case to the calendar and secure an order permitting the warrant to be executed by a City Marshal. Petitioner's agent asserted in his supporting affidavit that Respondent failed to comply with the March 5, 2020 stipulation and now owed $8070. This motion was calendared initially for September 17, 2021 and then adjourned to November 3, 2021 when, based on Respondent's filing of an application for ERAP (COVID-19 Emergency Rent Assistance Program), the case was stayed pursuant to L. 2021, c. 56, Part BB, Subpart A, § 8, as amended by L. 2021, c. 417, Part A, § 4, and adjourned to the "ERAP Administrative Calendar". Petitioner filed a motion to vacate the ERAP stay (seq #5) that was calendared for September 26, 2022. Respondent retained counsel who filed opposition and, although no Decision/Order was issued at that time, it is evident from the court file that on the adjourned date of October 31, 2022 this motion was implicitly denied or withdrawn as the case remained on the ERAP Administrative Calendar. 
On August 6, 2024 Petitioner filed a second motion to vacate the ERAP stay (seq #6 [FN3]
), noticed for August 16, 2024 and supported by, inter alia, an ERAP notice approving a payment of $6,836.08 to Petitioner on January 22, 2024 to cover twelve months of Respondent's rent (April through September 2021 and February through July 2023). Petitioner's agent asserted in his supporting affidavit that Respondent still owed $20,509.92 of her Section 8 tenant share of the rent through July 2024, as set forth in an accompanying rent ledger. That rent ledger, which covers the period of March 2020 through July 2024, credits the ERAP payment on January 23, 2024 and shows that Section 8 subsidy payments stopped after February 2024.
On August 14, 2024 Respondent by counsel filed papers opposing Petitioner's DRP-213 motion and cross-moving (seq #7) for an abatement hearing and an order directing Petitioner to make repairs to comply with Section 8 housing quality standards. In her affirmation, Respondent asserted that she fully and timely complied with the March 5, 2020 stipulation as she gave $1031 to the superintendent of her building prior to the deadline of March 26, 2020, although Petitioner's rent ledger did not credit this payment until June 11, 2020. Respondent pointed out that Petitioner's rent ledger also did not credit her March 5, 2020 in-court payment of $2470 until April 2, 2020. Regarding her request for a hearing to determine an abatement for the period of April 2020 to the present and an order to correct conditions, Respondent asserted that Petitioner failed to repair the ceilings after the March 5, 2020 stipulation "and has allowed the [*3]rain to leak into my apartment. As recently as Tuesday, August 6, 2024, when there were heavy rains, a portion of the ceiling in my kitchen fell and the water leaked into my apartment. This condition has resulted in the growth of mold which I believe is adversely affecting my health." Respondent's Affid. at ¶ 7. Respondent further asserted that her Section 8 subsidy was suspended in March 2024 because her apartment failed a "housing quality standards" inspection. Respondent's attorney argues that, based on the history of the case, the persistent water leaks into Respondent's apartment and Petitioner's "unclean hands" in failing to make all necessary repairs, Petitioner's DRP-213 motion should be denied and the court should grant Respondent's motion by issuing an order to correct and setting the matter down for an abatement hearing.
In opposition to Respondent's cross-motion and further support of its DRP-213 motion for leave to execute the warrant Petitioner makes the following arguments: First, that when the court entered a judgment on June 14, 2019, "issuance of a warrant still severed the landlord-tenant relationship", citing to the dissenting opinion in Lipkis v Pikus (103 AD2d 682, 685, 477 NYS2d 345, 349 [1st Dep't 1984]), which "necessarily abrogates the warranty of habitability and any right to an abatement," Attorney's Affirm. in Opp. at ¶¶ 4 and 5. Second, the rent has already been abated by the suspension of the Section 8 subsidy, and Respondent is not entitled to a further abatement. Id. at ¶¶ 7 and 8. Third, although execution of the warrant was stayed by stipulation, such a stay for payment of rent and use and occupancy is "a form of make whole relief" that "should not be subject to any form of abatement." Id. at ¶ 12. Fourth, that there is no dispute that Respondent defaulted on the stipulation.
On reply, Respondent argues that under the Housing Stability and Tenant Protection Act of 2019 (HSTPA), effective June 14, 2019, issuance of a warrant of eviction no longer severs the landlord-tenant relationship. Even prior to enactment of HSTPA, it was well-settled law that the court retains jurisdiction after issuance of a warrant, as reflected in the same sentence of the same case Petitioner cited for the proposition that issuance of a warrant severs the landlord-tenant relationship: "Cases involving warrants of eviction have held that although the issuance of the warrant severs the landlord-tenant relationship, the matter is still deemed subject to judicial action before the warrant is executed." Lipkis v Pikus, supra. Finally, Respondent argues that suspension of the Section 8 subsidy does not compensate the tenant, and the proper measure for an abatement is the full contract rent, citing, inter alia, Committed Cmty Assocs v Croswell (250 AD2d 845, 673 NYS2d 708 [2nd Dep't 1998]).
DISCUSSION
As a preliminary matter, Petitioner's motion to vacate the ERAP stay is granted. It is undisputed that Respondent's ERAP application was approved and Petitioner received the ERAP funds. As for Petitioner's DRP-213 motion, Respondent has raised issues of fact warranting a hearing before this motion can be determined. Respondent asserts in her affirmation in opposition that she fully and timely satisfied the March 5, 2020 stipulation that required her to pay $1031 by March 26, 2020 and that Petitioner's rent ledger fails to reflect the actual date of her payment, just as it failed to timely reflect the date of her payment of $2470 in court on March 5, 2020. If Respondent proves her factual claim that she timely satisfied the judgment, Petitioner's DRP-213 motion will be denied and this proceeding will be dismissed, judgment and warrant vacated, without prejudice to Petitioner's claim for rent arrears due for months after March 2020 and Respondent's defenses thereto.
If Respondent cannot prove that her payment of $1031 was made timely, given the "current rent provision" in the settlement agreements, Petitioner's DRP-213 motion remains [*4]viable and the court will then address at the hearing the questions raised by Respondent's cross-motion: whether conditions existed after March 2020 that constitute a breach of the warranty of habitability; whether any such conditions warrant an abatement of the use and occupancy (U&O) due for those months; if an abatement is warranted, the amount of such abatement and the remaining amount of arrears still due; whether to afford Respondent time to pay those arrears and, if so, how much time; and whether there currently exist conditions that Petitioner should be ordered to correct. Respondent is correct that the court retains jurisdiction to decide these issues, as issuance of the warrant does not deprive the court of jurisdiction over this matter, see, e.g., Lipkis v Pikus (103 AD2d 682, 685, 477 NYS2d 345, 349 [1st Dep't 1984])(cited by both parties).Under RPAPL § 749(3) as amended by HSTPA, as well as under prior case law, see, e.g., Matter of Lafayette Boynton Hsg Corp v Pickett (135 AD3d 518, 23 NYS3d 204 [1st Dep't 2016]), the court has the discretion to stay execution of a warrant and extend a payment deadline where "good cause" is shown. If the court decides to grant Petitioner's DRP-213 motion, and allow the warrant of eviction to be executed, it must also decide whether to stay execution to provide Respondent an opportunity to pay the arrears and, a fortiori, the amount to be paid to avoid eviction. While one option may be to require post-judgment U&O to be paid at the rate last charged, Marbru Assocs v White (114 AD3d 554, 555, 981 NYS2d 48, 50 [1st Dep't 2014]), this may not be appropriate where the tenant raises a claim of breach of the warranty of habitability. The effects of unaddressed water leaks over several years could result in a substantial abatement, Westhattan Corp v Wong (42 Misc 3d 130[A], 984 NYS2d 635 [App Term 1st Dep't 2013]), and, in such circumstances, it may be appropriate to abate the monthly U&O by an amount representing "the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach", Park West Mgmt Corp v Mitchell (47 NY2d 316, 329, 418 NYS2d 310, 317, 391 NE2d 1288, 1295 [1979]), in the form of "a percentage reduction of the contracted-for rent as a setoff", id. Petitioner's argument that payment of U&O is "a form of make-whole relief" that should not be subject to any form of abatement is unsupported and misguided. It is a fundamental principle that, "The obligation of the tenant to pay rent is dependent upon the landlord's satisfactory maintenance of the premises in habitable condition," Park West Mgmt Corp, supra (47 NY2d at 327; 418 NYS2d at 316, 391 NE2d at 1294]), and it is appropriate to apply this principle when determining the amount of U&O due for a post-judgment period. Compare, RPAPL § 745(2)(a)(ii) and (iv) as to limitations on a court's award of U&O pendente lite; the court takes judicial notice of information on HPD's website showing that the "hazardous" level "B" violation placed by HPD on August 13, 2019 [FN4]
following Judge Lach's "Judicial Request/Order for Housing Inspection" of August 5, 2019 has not been resolved.
Finally, it is the "full contract rent" that constitutes the basis for calculating a rent abatement, not the lesser amount a tenant may be responsible for where their rent is subsidized by Section 8 or another rental assistance program. Committed Cmty Assocs v Croswell (250 [*5]AD2d 845, 846, 673 NYS2d 708, 708 [2nd Dep't 1998]); 13 E 9th St LLC v Seelig (63 Misc 3d 1218[A], 114 NYS3d 817 [Civ Ct NY Co 2019]).
CONCLUSION
Based on the foregoing, it is hereby ORDERED that Petitioner's motion to vacate the ERAP stay is granted, this proceeding is hereby restored to the calendar and a hearing shall be held on Friday, February 14, 2025 at 9:30 a.m. on Petitioner's DRP-213 motion for an order permitting execution of the warrant of eviction and, if that motion is not denied and the proceeding dismissed, on Respondent's cross-motion for an order to correct conditions in her apartment and an abatement of U&O due for the period of April 2020 to the present. This constitutes the Court's Decision/Order, which is being uploaded on NYSCEF.
Diane E Lutwak, HCJ
Dated: January 19, 2025
Bronx, New York

Footnotes

Footnote 1:A stipulation in the "Legacy File" dated August 5, 2019 appearing to settle Respondent's first OSC was not so-ordered and apparently rejected by Housing Court Judge Lach, who instead ordered an inspection by HPD and adjourned the OSC to August 20, 2019.

Footnote 2:DRP-213 can be found here: www.nycourts.gov/courts/nyc/SSI/directives/DRP/DRP213.pdf.

Footnote 3:This motion sequence #6 appears on NYSCEF to have been "Returned for Correction" by the Clerk's Office with a "Returned Reason" of "No affidavit of service attached"; however, this marking is incorrect and is being disregarded as there is no requirement to file an affidavit of service of a motion when the parties are represented by counsel who have consented to service by filing on NYSCEF. 

Footnote 4:Violation #3225113: "properly repair the source and abate the evidence of a water leak at ceiling in the 1st room from east located at apt 9e": https://hpdonline.nyc.gov/hpdonline/building/73732/violations