■ WESTWAY PLAZA ASSOCIATES, Appellant-Respondent, v CLEO DOE, Respondent-Appellant, et al., Respondent.

Evangelina Caceres was the rent stabilized tenant of record of apartment 3D at 210 West 94th Street, from February 1, 1974, until her death on May 22, 1987. Within a month after her death, and prior to the expiration of the then lease, the landlord served a notice to quit upon respondent, the deceased tenant's daughter, on the ground that respondent's license to occupy the apartment had expired upon the death of her mother. By petition dated July 9, 1987, landlord commenced this licensee holdover proceeding. Respondent's answer alleged as affirmative defenses that the proceeding was premature as the lease had not yet expired and further that having moved into the apartment with her mother, on June 11, 1984, respondent was entitled to a renewal lease under Rent Stabilization Code (9 NYCRR) § 2523.5 (b), or, at the least, was entitled to remain in occupancy of the apartment for the remainder of the lease. Respondent also asserted a counterclaim for breach of the warranty of habitability and for attorneys' fees.

Civil Court, after a five day trial, found that respondent had moved into the apartment to care for her mother at some point prior to the mother's death, and that such occupancy was permitted a member of tenant of record's immediate family by the lease expiring January 31, 1988. The holdover proceeding having been brought prematurely, the petition was dismissed. Further, Civil Court determined that respondent was entitled to a rent abatement of forty percent of the rent collectible under the last two year lease. On appeal, Appellate Term reversed, stating that as the issue had been raised in respondent's answer the issue of succession rights should have been addressed and determined as respondent's right to continued occupancy was wholly dependent on the resolution of that issue. Appellate Term further concluded that respondent, being neither tenant of record nor suing on behalf of her mother's estate, had no capacity to claim, or to be awarded, an abatement of rent, which she was under no obligation to pay.

Landlord's petition was fatally defective *ab initio*. Upon tenant of record's death, the lease did not terminate, but rather became the personal property of tenant of record's estate *(Joint Props. Owners v Deri,* 113 AD2d 691; *De Christoforo v Shore Ridge Assocs.,* 116 AD2d 123). Here, landlord failed to join tenant of record's estate and failed to serve any notice to cure an alleged breach of a substantial obligation of tenancy by virtue of occupation by an alleged unauthorized person, followed by a notice of termination of the lease on account of such breach *(see, Joint Props. Owners v Deri, supra).* In the absence of a recognized estate representative, landlord

could have petitioned Surrogate's Court to have an administrator appointed *(100 W. 72nd St. Assocs. v Murphy,* 144 Misc 2d 1036, 1040; SCPA 1001, 1002). Without any action taken against tenant of record's estate, landlord did not have a sufficient right of possession to the premises to evict a licensee, such as respondent. These fundamental defects in the notice to quit and petition cannot be overlooked *(Chinatown Apts. v Chu Cho Lam,* 51 NY2d 786). Inasmuch as Appellate Term was without jurisdiction to determine the issue of respondent's right of succession we vacate the factual findings of that court. In respect thereto, we note that the evidence relied upon by Appellate Term was insufficient to disturb the very limited factual finding made by Civil Court, that respondent moved into the 94th Street apartment at some point prior to tenant of record's death. Whether or not such occupancy commenced at a point early enough to entitle respondent to a renewal lease under Rent Stabilization Code § 2523.5 (b) may be determined in future proceedings, which the parties are free to commence.

Respondent lacked capacity to assert the claim for breach of the warranty of habitability. While Real Property Law § 235-b should "include *all* tenants under its protective umbrella", including tenants who pay rent to an Article 7-A administrator *(Department of Hous. Preservation & Dev. v Sartor,* 109 AD2d 665, 666), the obligation to pay rent remains a prerequisite to the right to assert a claim for such damages, which amounts to a rent abatement. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.