*755 OPINION OF THE COURT
Marcy S. Friedman, J.
This is a residential summary holdover proceeding based on the allegation that respondent has ceased to use a rent-controlled apartment as his primary residence. The first and third affirmative defenses of respondent’s answer assert that the petition must be dismissed based on petitioner’s failure to name and serve respondent’s wife. Petitioner moves to dismiss these two defenses, and respondent cross-moves to dismiss the petition based on the nonjoinder of his wife. The threshold issue raised by the motions is therefore whether and under what circumstances a spouse is a necessary party to an eviction proceeding.
On the motion to dismiss the defenses, petitioner has the burden of demonstrating that the defenses are not stated or have no merit. (CPLR 3211 [b].) Petitioner seeks dismissal of the defenses as a matter of law, claiming that where a husband is the tenant of record, his wife need never be named as a party to a summary eviction proceeding because she occupies the premises solely as an incident of the family relationship and may therefore be evicted under the warrant of eviction issued against her husband. The support petitioner offers for this proposition is a hornbook restatement of the law, apparently born of an era in which women’s independent interests in real property went unrecognized, and which assumes, based on a single citation to antiquated authority, that it is the husband who is always the tenant. (2 Rasch, New York Landlord and Tenant — Summary Proceedings § 38:32, at 615 [3d ed] [relying solely on dictum in Croft v King, 8 Daly 265 [1879].)[1] This outmoded and, indeed, sexist hornbook provision continues, regrettably, to be cited without qualification (albeit, generally in the context of claims by children of the tenant of record). (See, e.g., Betty & Lily Corp. v Singer, NYLJ, Nov. 1, 1991, at 21, col 2 [App Term, 1st Dept]; 523 W. 138 St. Realty Co. v Castillo, NYLJ, Aug. 14, 1990, at 17, col 1 [App Term, 1st Dept]; New York County District Attorney’s Off. v Oquendo, 147 Misc 2d 125 [Civ Ct, NY County 1990].) Close reading of the appellate cases reveals, however, that the *756 hornbook doctrine will be invoked as the basis for denial of necessary party status only where the family member has not asserted independent possessory rights. (See, Betty & Lily Corp. v Singer, supra; 523 W. 138 St. Realty Co. v Castillo, supra; cf., City of New York v Parker, NYLJ, Apr. 4, 1994, at 27, col 4 [App Term, 1st Dept] [citing both Rasch and Betty & Lily Corp. v Singer, but not explicitly discussing son’s independent possessory rights].) Thus, these appellate cases in fact take into account the current sociological and legal reality that a wife (or other family member), even if not named as a tenant in the original written lease, may acquire possessory or tenancy rights to an apartment which is subject to modern rent regulation,[2] and may thereby become a necessary party.[3] (See also, 508 W. 172nd St. Corp. v Infante, NYLJ, June 15, 1990, at 21, col 2 [App Term, 1st Dept] [wife of deceased statutory tenant held a "necessary party” in holdover proceeding brought only against deceased tenant’s son]; Katz Park Ave. Corp. v Olden, 158 Misc 2d 541 [Civ Ct, NY County 1993]; City of New York v Otero, Civ Ct, Bronx County, May 13, 1992, Callender, J., index No. 14253/92 [20 HCR 782A]; Solomon v Delach, NYLJ, Feb. 6, 1992, at 29, col 1 [Nassau Dist Ct].)
The issue of whether a wife is a necessary party to an eviction proceeding is therefore not subject to determination as a matter of law, but only upon consideration of whether she has "independent possessory rights” based on the particular circumstances of her occupancy of the apartment. Thus, petitioner’s motion to dismiss respondent’s defenses must be *757 denied because based solely on the untenable claim that a wife has no tenancy rights independent of her husband’s. Conversely, respondent’s motion to dismiss will not be granted as a matter of law simply because he has a wife who was not named as a party. Rather, in seeking dismissal for failure to join his wife, respondent has the burden of showing that the circumstances of his wife’s occupancy are such that she is a necessary party in whose absence "the court should not proceed.” (See, CPLR 3211 [a] [10].)
In discharging this burden, respondent submits an affidavit from his wife in which she attests that she has lived together with her husband at the premises for 27 years. Petitioner’s opposition papers do not suggest that these averments are untrue. To the contrary, petitioner’s notices to cure and to terminate make numerous admissions that respondent’s wife has been living with him at the premises.[4] On these facts, the court holds that respondent has made the required prima facie showing that his wife may have independent possessory rights and is therefore a necessary party.
As a necessary party, respondent’s wife was required to have been served with the petition. Petitioner had actual notice of respondent’s wife’s name, as shown by its frequent references to respondent’s wife by name in the notices to cure and to terminate. Under these circumstances, service of an extra copy of the petition upon a fictitious "John Doe” was ineffective to confer jurisdiction over respondent’s wife. (See, Capital Resources Corp. v Doe, 154 Misc 2d 864 [Civ Ct, Kings County 1992]; First Fed. Sav. & Loan Assn. v Souto, 158 Misc 2d 219 [Civ Ct, NY County 1993].)
The remaining issue is whether the petition must be dismissed. The general rule is that dismissal based on failure to join a necessary party should be avoided where possible. Thus, under the statutory scheme, where a necessary party has not been joined but is subject to the jurisdiction of the court, the court must order the party "summoned.” Moreover, if jurisdiction cannot be obtained, the court should consider whether to allow the action to proceed, taking into account five factors, including the prejudice which may accrue from the nonjoinder to the defendant or to the person not joined. (See, CPLR 1001.)
*758 Although CPLR 1001 would appear to apply to summary eviction proceedings (see, City of New York v Parker, NYLJ, Apr. 4, 1994, at 27, col 4, supra), the appellate courts have repeatedly held, without first undertaking a CPLR 1001 analysis, that dismissal of the petition is mandated where a person found to be a necessary party has not been named in or served with the petition. (E.g., Westway Plaza Assocs. v Doe, 179 AD2d 408 [1st Dept 1992]; 508 W. 172nd St. Corp. v Infante, NYLJ, June 15, 1990, at 21, col 2, supra; Stahl Assocs. Co. v Goodstadt, NYLJ, Jan. 13, 1984, at 6, col 2 [App Term, 1st Dept].)
While Westway (supra) does not specifically address the requirements of CPLR 1001, its reasoning is instructive as to why dismissal of a summary eviction proceeding will often be required where a necessary party has not been joined. In Westway, a holdover proceeding was brought against the deceased tenant of record’s daughter on a licensee theory. As the deceased tenant had an unexpired lease, the Court found that the lease became the personal property of the estate and that the estate was therefore a necessary party. In upholding dismissal of the petition, the Court relied not only on the failure to join the estate but, significantly also, on the failure to serve the estate with a notice to cure and notice of termination based on the estate’s alleged violation of the lease in permitting an unauthorized occupancy of the apartment by the daughter.
Summary proceedings are almost always based on claims which require service before, and as a predicate to commencement of the proceedings, of notices to cure and/or to terminate tenancy. Thus, as in Westway (supra), where a necessary party to the proceeding was also entitled .to a predicate notice but was not served with it, joinder of the party after commencement of the proceeding obviously will not be feasible.[5]
*759 In the present case, as a necessary party with independent possessory claims, respondent’s wife was required to have been served with the notices to cure and to terminate which are predicates to this proceeding. As these notices concededly were not served upon her, her joinder at this stage of the proceeding may not be ordered. Respondent’s motion to dismiss based on failure to join his wife as a party is accordingly granted.
Respondent’s cross motion, insofar as it seeks dismissal of the petition on other grounds, is denied as moot. Petitioner’s motion, insofar as it seeks to strike other of respondent’s defenses is likewise denied as moot, as is petitioner’s motion for discovery and use and occupancy.
The petition is dismissed without prejudice to commencement of a summary proceeding upon service of required prepetition notices on respondent’s wife, Nancy Rollins, and upon service of a notice of petition and petition naming Nancy Rollins as a party.

. The language of the restatement is as follows: "The wife of a tenant, as well as his children, servants, boarders, and guests can all be removed under a warrant of dispossession, though none of them is made a party to the summary proceeding brought against the tenant. None of these occupants is either a necessary or a proper party to the proceeding.” (Id., § 38:32, at 615.)

. For example, under the rent control law, which is applicable to the instant case, a wife (or other defined family member) of a tenant of record acquires independent possessory rights and may not be evicted upon the permanent vacatur of the tenant of record, if she has "resided with the tenant in the housing accommodation as a primary residence for a period of no less than two years” prior to the tenant’s departure, or for a period of one year if she is a senior citizen or disabled person, or "from the inception of the tenancy or commencement of the relationship, if [her residence with the tenant prior to his departure has been] for less than such periods.” (New York City Rent and Eviction Regulations 9 NYCRR 2204.6 [d] [1].)

. The court recognizes that the appellate cases generally refer to the hornbook in determining necessary party claims made by children, rather than wives, of tenants of record, and that these cases generally cite the section number of the hornbook without quoting the text. It is respectfully submitted, however, that continued citation of this hornbook section fuels the argument, so disheartening at this stage in our history, that a wife, because she is a wife, has no possessory or due process rights independent of her husband’s and therefore need not be given the opportunity to defend in court. Appellate repudiation of the hornbook doctrine, which is not correct on the law, would do much to put this argument to rest.

. For example, these notices state that "the superintendent witnessed you and your wife moving out of the subject apartment”; and that respondent’s daughter disconnected her telephone and changed her telephone number to the number "used when you and your wife, Nancy Rollins were living in” the subject apartment.

. Cases like Westway Plaza Assocs. v Doe (179 AD2d 408, supra), in which the summary proceeding is dismissed upon the Court’s finding that a necessary party has not been joined, must be distinguished from cases in which failure to join a proper, but not necessary, party will not result in dismissal of the petition. For example, 170 W. 85th St. Tenants Assn. v Cruz (173 AD2d 338 [1st Dept 1991]), which involved an occupant who did not succeed in establishing "remaining family member” rights independent of the tenant of record, and Teachers Coll. v Wolterding (77 Misc 2d 81, 82 [App Term, 1st Dept 1974]), which involved a subtenant, both held, relying on long-settled law, that such occupants were mere "undertenants” whose possessory rights derived solely from those of the tenant of record, and who therefore were not necessary parties to the summary proceedings. As they *759 were not necessary parties, failure to name them explicitly in the caption (as opposed to designating them as "John Does”) or to serve them with predicate notices (as in 170 W. 85th St. Tenants Assn. v Cruz) was held not to warrant dismissal of the petitions.