OPINION OF THE COURT
Per Curiam.
Order dated May 14, 1999 reversed, with $10 costs, the petition is reinstated, and landlord’s cross motion for leave to conduct disclosure is granted.
The summary holdover proceeding seeks possession of apartment number 6C at premises located at 190 Riverside Drive, in Manhattan, based upon the stabilized tenant’s alleged nonprimary residence. The April 21, 1998 notice of nonrenewal underlying the proceeding was timely served upon the tenant and alleged sufficient facts to support landlord’s nonprimary residence claim, viz., that tenant owns and primarily resides in a single-family dwelling at a specified street address in Old Chatham, New York, and that tenant herself identified the Old Chatham property as her “primary and principle [sic] residence” in a March 11, 1998 letter to the landlord (a copy of which is contained in the record on appeal).
Contrary to the view expressed below, the misstatement in the nonrenewal notice concerning tenant’s apartment number— the apartment was designated as number “6E” rather than “6C” — did not rise to the level of a “jurisdictional” defect. In evaluating the facial sufficiency of a predicate notice in a summary eviction proceeding, “the appropriate test is one of reasonableness in view of the attendant circumstances” (Hughes v Lenox Hill Hosp., 226 AD2d 4, 18, lv dismissed 90 NY2d 829), and only in circumstances where such a notice contains substantial and prejudicial misstatements will it be subject to “strict construction as a matter of equity” (id., at 18, citing MSG Pomp Corp. v Doe, 185 AD2d 798 [landlord’s misrepresentation of ownership and rent-regulated status of apartment]). Measured against the test of reasonableness, the notice used here was facially sufficient, as it fairly stated the nature of the landlord’s claim and the facts necessary to establish the existence of grounds for eviction (Rent Stabilization Code [9 NYCRR] § 2524.2 [b]). The errant references in the nonrenewal notice to a sixth-floor apartment that, both sides agree does not exist, could not have materially misled or confused this sixth-floor tenant or hindered the preparation of her defense — a reality confirmed by tenant’s counsel’s letter of June 5, 1998, factually disputing the merits of landlord’s nonprimary resi *698 dence claim despite its own erroneous description of tenant’s apartment number as “6E” and not “6C”.
In denying the tenant’s preanswer dismissal motion, we do not address the adequacy of the landlord’s method of service of the nonrenewal notice, an issue which cannot be determined on the papers submitted below. Applying the liberal review standard governing disclosure requests in nonprimary residence cases (see, Hughes v Lenox Hill Hosp., supra, 226 AD2d, at 17-18; Cox v J.D. Realty Assocs., 217 AD2d 179, 183-184), we find that landlord has adequately demonstrated the requisite necessity to depose the tenant.
McCooe, J. P., Davis and Gangel-Jacob, JJ., concur.