■ Penquin Tenants Corp., as Successor in Interest to 1923 West 9th Street Corp., Respondent, v Shepard Ellenberg, Appellant, et al., Defendants. [805 NYS2d 837]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 16, 2004, which, inter alia, denied defendant Ellenberg's motion to dismiss the complaint, unanimously affirmed, with costs.

Upon reading the lease as a whole, and giving full force and effect to every provision and in such manner as to avoid contradiction (*see National Conversion Corp. v Cedar Bldg. Corp.*, 23 NY2d 621, 625 [1969]; *Zodiac Enters. v American Broadcasting Cos.*, 81 AD2d 337, 339 [1981], *affd* 56 NY2d 738 [1982]), the court properly found that Ellenberg failed to demonstrate, as a matter of law, that the merger clause overrode paragraph 35 of the lease, which empowered plaintiff to enact new house rules. Because the documentary evidence of the lease was not disposi-

tive on plaintiff's lack of power to enact such rules, the dismissal motion, brought pursuant to CPLR 3211 (a) (1), was properly denied (*see Standard Chartered Bank v D. Chabbott, Inc.*, 178 AD2d 112 [1991]). Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.