OPINION OF THE COURT
Memorandum.
Order reversed without costs and the branch of occupant’s motion seeking to dismiss the petition denied.
In this licensee summary proceeding (RPAPL 713 [7]) commenced in August 2007, landlord alleges that the apartment sought to be recovered is located in a building financed by the United States Department of Housing and Urban Development (HUD) (a project-based Section 8 building); that occupant entered into possession as a licensee of his mother, who was the Section 8 tenant; and that occupant’s mother is no longer entitled to possession because she passed away in September 2006. In support of a motion seeking, among other things, to dismiss the petition, occupant averred, in essence, that from 1983 until 1991, he had been the tenant named in the lease; that his mother had become the named tenant in 1991 after he lost his job; that he has resided in the apartment continuously except for 1999-2000; and that, beginning in 2003, his mother sought to have him put back on the lease, but her requests were refused. Occupant argued that the petition had to be dismissed based on landlord’s failure to join the deceased tenant’s estate; that the last lease, a one-year lease for the period from June 1, 2004 to May 31, 2005, provided for automatic renewals of one year each; that the lease did not provide that it would terminate upon the tenant’s death; and, thus, that the then-current lease renewal would not terminate until May 31, 2008.
In opposition to occupant’s motion, landlord argued that the deceased tenant’s estate was not a necessary party because any possessory claim that the tenant had, lapsed upon her death. In support of this argument, which landlord repeats on appeal, landlord points only to a provision in the HUD Handbook that *37 deals with the calculation of the subsidy upon the death of the tenant (HUD Handbook 4350.3 REV-1, appendix 7).
Ruling that the lease had automatically renewed notwithstanding the death of the tenant prior to its expiration, the Civil Court held that the then-current lease would not expire until May 31, 2008, and dismissed the petition. We reverse.
As a general rule, absent a provision in a lease to the effect that the lease terminates upon the death of the tenant, a “lease for a term of years which has not expired is not terminated by the death of the lessee” (100 W. 72nd St. Assoc. v Murphy, 144 Misc 2d 1036, 1038-1039 [Civ Ct, NY County 1989]; see Westway Plaza Assoc. v Doe, 179 AD2d 408 [1992]; Joint Props. Owners v Deri, 113 AD2d 691 [1986]). The tenant’s Section 8 lease contained no provision to the effect that it would terminate upon the death of the tenant. While it may be argued that a Section 8 lease, because of its personal nature, terminates upon the death of the tenant notwithstanding the absence of a lease provision to that effect (see generally Russell G. Donaldson, Annotation, Death of Lessee as Terminating Lease, 42 ALR4th 963), we need not reach this issue here because we find, as set forth below, that even if the lease did not terminate upon the death of the tenant, it did not automatically renew on June 1, 2007 after the tenant had died.
While the lease does not contain explicit language providing that there shall be no automatic renewal following the tenant’s death, it does expressly incorporate the requirement that the tenant recertify annually. Since a deceased tenant cannot recertify, we find that, when the lease is read as a whole (see Penquin Tenants Corp. v Ellenberg, 25 AD3d 345 [2006]), it must be construed as providing that it does not automatically renew after the tenant dies. Consequently, we find that when the lease expired on May 31, 2007, prior to the service of the notice to quit, it did not automatically renew. Under these circumstances, the estate of the deceased Section 8 tenant had no interest to be terminated, at least as of May 31, 2007, and the estate is not a necessary party to the proceeding (Ellis v Disch, 17 Misc 3d 126[A], 2007 NY Slip Op 51844[U] [App Term, 1st Dept 2007]). We note that there has been no showing that the estate is in actual possession. Thus, this proceeding was maintainable against occupant on the ground that his “licensor is no longer entitled to possession of the property” (RPAPL 713 [7] [c]).
Contrary to occupant’s contention, the defects in the predicate notice with respect to occupant’s name and the address of *38 the premises were de minimis and do not invalidate the notice (Oxford Towers Co., LLC v Leites, 41 AD3d 144 [2007]; Fa Wah Mgt., Inc. v Alvarrez, 18 Misc 3d 132[A], 2008 NY Slip Op 50086[U] [App Term, 2d & 11th Jud Dists 2008]; 190 Riverside Dr. v Nosei, 185 Misc 2d 696 [App Term, 1st Dept 2000]).
Accordingly, the order of the Civil Court is reversed and the branch of occupant’s motion seeking dismissal of the petition is denied.
Weston, J.E, Golia and Steinhardt, JJ., concur.