Gisela Randazzo, Appellant,
against
Lucille Galietti, Respondent, et al., Undertenants.
Jack L. Glasser, P.C., Jack L. Glasser, Esq., for 
appellant.
Pollack & Slepian, L.L.P., Martin A. Pollak, Esq., for 
respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), dated July 8, 2013. The order granted an oral motion by tenant, made at the close of landlord's case, to dismiss the petition and stated that, were the court not dismissing the petition, it would deny an oral motion by landlord to amend the petition. So much of the appeal as is from the portion of the order which granted tenant's oral motion to dismiss the petition is deemed to be from a final judgment of the same court entered July 8, 2013, pursuant to the order, dismissing the petition in a holdover summary proceeding (see CPLR 5512 [a]).




ORDERED that so much of the appeal as is from the portion of the order that stated that, were the court not dismissing the petition, it would deny landlord's oral motion to amend the petition is dismissed; and it is further,
ORDERED that the final judgment is reversed, without costs, so much of the order dated July 8, 2013 as granted tenant's oral motion to dismiss the petition is vacated, tenant's motion is denied and the matter is remitted to the Civil Court for a new trial and for all further proceedings.
In this holdover proceeding, the petition alleges that tenant, and undertenant "John Doe," were harboring a dog, in violation of a substantial obligation of the lease. The petition also states that it incorporates copies of the notice to cure and the notice to terminate which, it alleges, are annexed to the petition together with proof of their service, but which were not in fact annexed to the court's copy of the petition. At a nonjury trial, landlord established that tenant's husband, [*2]whose name was known to landlord but who was named herein as "John Doe," had not signed the most recent renewal lease. At the close of landlord's case, the Civil Court issued an order granting an oral motion by tenant to dismiss the petition on the ground that tenant's husband was a necessary party and that he had not been properly named in the proceeding. The court also stated that, were it not dismissing the petition, it would have denied landlord's oral motion to amend the pleadings to include the notice to cure and the notice to terminate, because those predicate notices were not attached to the court's copy of the petition and allowing the amendment would prejudice tenant. 
So much of the appeal as is from the portion of the order that stated that, were the court not dismissing the petition, it would deny landlord's oral motion to amend the petition is dismissed, as this advisory statement is not appealable as of right or by permission (see IndyMac Bank F.S.B. v Thompson, 99 AD3d 669 [2012]; Pecora v Lawrence, 28 AD3d 1136 [2006]).
Landlord established that she and tenant were the only signatories to the most recent lease. Therefore, tenant's husband was not a necessary party to the proceeding (see Loira v Anagnastopoulos, 204 AD2d 608 [1994]; Friedman v Yosef, 50 Misc 3d 138[A], 2016 NY Slip Op 50144[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Crossroads Assoc., LLC v Amenya, 47 Misc 3d 1216[A], 2015 NY Slip Op 50637[U] [Peekskill City Ct 2015]; see also FS 45 Tiemann Place, LLC v Gomez, 38 Misc 3d 135[A], 2013 NY Slip Op 50132[U] [App Term, 1st Dept 2013]). To the extent that Stanford Realty Assoc. v Rollins (161 Misc 2d 754 [Civ Ct, NY County 1994]), relied upon by the Civil Court, holds to the contrary, it is inconsistent with the law in this Department and we decline to follow it.
Accordingly, so much of the appeal as is from the portion of the order dated July 8, 2013 that stated that, were the court not dismissing the petition, it would deny landlord's oral motion to amend the petition is dismissed, the final judgment is reversed, so much of the order dated July 8, 2013 as granted tenant's oral motion to dismiss the petition is vacated, tenant's motion is denied and the matter is remitted to the Civil Court for a new trial and for all further proceedings.
Weston, J.P., Pesce and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017