307 W. 82nd St. Housing Corp., Petitioner-Landlord-Appellant, 
against
Nilesh Zacharias, Preeta Sinha, "John Doe" and "Jane Doe," Respondents-Tenants-Respondents.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered May 26, 2017, which granted tenants' motion to dismiss the petition at the close of landlord's case in a holdover summary proceeding.




Per Curiam.
Order (Anne Katz, J.), entered May 26, 2017, reversed, with $10 costs, tenants' motion to dismiss denied, petition reinstated and matter remanded for a new trial.
This holdover summary proceeding should not have been dismissed at the close of landlord's case. Contrary to the conclusion reached below, landlord proved the existence of a proprietary lease for tenants' apartment. Accepted as true and accorded the benefit of every favorable inference (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), landlord's as yet unrebutted evidence established that the subject cooperative consists of two adjacent buildings, 307 West 82nd Street and 309 West 82nd Street; that tenants reside in apartment C at 309 West 82nd Street; and that the proprietary lease allocated to tenants' apartment describes the premises as "9.C," a shorthand designation to distinguish apartment C at 309 W. 82nd Street from apartment C at 307 W. 82nd Street, the latter apartment being designated as "7.C" in the respective lease to that apartment. This testimony was sufficient to demonstrate at this juncture that the proprietary lease proffered by landlord, which was signed by tenants and which designated the premises "9.C," was the lease for the subject apartment.
Nor was dismissal warranted based on landlord's description of the premises in the Notice of Default and in the pleadings as apartment "C" at 309 West 82nd Street. Based upon landlord's as yet unrebutted testimony that there is only one "apartment C" at 309 West 82nd Street and that tenants reside in this apartment, the description was sufficient to enable the marshal to locate the premises (see US Airways, Inc. v Everything Yogurt Brands, Inc., 18 Misc 3d 136[A], 2008 NY Slip Op 50279[U] [App Term, 2d and 11th Jud Dists 2008]). Nor could this description have materially misled or confused tenants, or hindered the preparation of their defense (see 190 Riverside Dr. v Nosei, 185 Misc 2d 696 [2000]; see also 601 W. Realty, LLC v Mao Chu Zheng, 54 Misc 3d 145[A], 2017 NY Slip Op 50257[U] [App Term, 1st Dept 2017]). We would also [*2]note that tenants did not object to the description of the premises in their answer or in their prior motion challenging the sufficiency of the Notice of Default.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 30, 2018