United Hay, LLC, Petitioner-Landlord-Respondent, 
against
Juliet Heeg, Respondent-Tenant-Appellant, -and- John Doe & Jane Doe, Respondents.




Tenant appeals from an order of the Civil Court of the City of New York, New York County (Evon M. Asforis, J.), dated July 9, 2019, which denied her pre-answer motion to dismiss the petition in a holdover summary proceeding.




Per Curiam. 
Order (Evon M. Asforis, J.), dated July 9, 2019, affirmed, with $10 costs.
Tenant's pre-answer motion to dismiss the holdover petition, based upon claimed deficiencies in the combined notice of lease nonrenewal and termination, was properly denied. The notice alleged, inter alia, that tenant was not primarily residing in the subject rent stabilized apartment, that a review of security camera footage revealed that tenant was present in the apartment for no more than three hours per day during the last year, that she remained in the apartment overnight on only three nights, and that persons other than tenant have been observed staying overnight at the apartment without tenant. The notice thus set forth case-specific allegations tending to support landlord's nonprimary residence claim with sufficient detail to have allowed tenant to prepare a defense (see City of New York v Valera, 216 AD2d 237 [1995]), and otherwise satisfied the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2(b) (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]; Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv denied 90 NY2d 829 [1997]). Tenant does not set forth any material allegations within landlord's knowledge that it failed to include in the notice (see Hughes, 226 AD2d at 18). Any inconsistency in the notice pertaining to the actual time tenant remained in the apartment did not rise to the level of a jurisdictional defect, since it could not have materially misled or confused tenant as to the nature of the proceeding or hindered the preparation of her defense (see Oxford Towers Co., LLC v Leites, 41 AD3d at 145; Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [2002], lv dismissed in part and denied in part 99 NY2d 573 [2003]; 190 Riverside Dr. v Nosei, 185 Misc 2d 696 [App [*2]Term, 1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 20, 2019