229 West 109 Street Realty Corp., Petitioner-Landlord-Appellant, 
against
Koji Ichida and Seiko Ichida, Respondents-Tenants, - and- Masuo Ichida, Respondent-Undertenant-Respondent, - and - John Doe and Jane Doe, Respondents-Undertenants.




Landlord appeals from (1) an order of the Civil Court of the City of New York, New York County (Michelle D. Schreiber, J.), dated December 4, 2018, which denied its motion to amend the caption and the petition to remove Koji Ichida as a respondent, and granted respondents' cross motion to dismiss the petition in a holdover summary proceeding, and (2) an order (same court and Judge), dated April 29, 2019, which denied its motion, inter alia, to vacate the December 4, 2018 order.




Per Curiam.
Order (Michelle D. Schreiber, J.), dated December 4, 2018, reversed, with $10 costs, respondents' cross motion denied, petition reinstated, motion to amend the caption and petition granted, and the matter remanded to Civil Court for further proceedings consistent herewith. Appeal from order (Michelle D. Schreiber, J.), dated April 29, 2019, dismissed, without costs, as academic.
Landlord had no obligation to join the estate of the deceased tenant, Koji Ichida, as a party. Where, as here, premises are leased to a husband and wife, they take possession as tenants by the entirety (see EPTL 6-2.2[b]), with each spouse having a right of survivorship (see V.R.W., Inc. v Klein, 68 NY2d 560, 564 [1986]). Thus, upon the death of Kochi Ichida, his interest did [*2]not pass to his estate, rather, it passed automatically to his wife, respondent-tenant Seiko Ichida (see PHH Mtge. Corp. v Burt, 176 AD3d 1242, 1244 [2019]). Therefore, the estate of the deceased tenant is not a necessary party (see PHH Mtge. Corp. v Burt, 176 AD3d at 1244; cf. Joint Props. Owners v Deri, 113 AD2d 691, 693-694 [1986]; Westway Plaza Assoc. v Doe, 179 AD2d 408 [1992]). Accordingly, respondents' cross motion to dismiss for failure to join the deceased tenant's estate should have been denied and petitioner's motion to amend should have been granted. 
To the extent the court believed that the surviving tenant was incapable of defending her rights, the remedy is to appoint a guardian ad litem (see CPLR 1201). We remand for further proceedings on this issue.
In reinstating the petition for a determination on the merits, we reach no other issue.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: May 18, 2020