Matter of 200 Claremont Ave. Hous. Dev. Fund Corp. v Estate of Elsie Lewis (2025 NY Slip Op 07084)

Matter of 200 Claremont Ave. Hous. Dev. Fund Corp. v Estate of Elsie Lewis

2025 NY Slip Op 07084

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 571374/23|Appeal No. 5423|Case No. 2024-07825|

[*1]In the Matter of 200 Claremont Avenue Housing Development Fund Corporation, Petitioner-Appellant,
v
Estate of Elsie Lewis, Respondent-Respondent, Dorian Lewis et al., Respondents-Respondents.

Kellner Herlihy Getty & Friedman, LLP, New York (Carol Anne Herlihy of counsel), for appellant.

Order, Appellate Term, First Department, entered on or about March 12, 2024, which affirmed the order of the Civil Court, New York County (Karen May Bacdayan, J.), entered on or about July 12, 2022, denying petitioner's motion for a default judgment against respondent Estate of Elsie Lewis and dismissing the petition without prejudice to recommencement following appointment of an executor or administrator for the Estate, unanimously affirmed, without costs.
The Appellate Term properly determined that the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) amended Real Property Actions and Proceedings Law § 711(2) to preclude the former practice of seeking a judgment of possession in a summary proceeding against an unrepresented estate after three months. As the amendment reflects, the current version of RPAPL 711(2) no longer permits landlords to seek a judgment of possession against an unrepresented estate. An estate is a legal fiction which can only be sued through its personal representative (see EPTL 11-3.1). Relief against an estate cannot be obtained without the appointment of an executor or public administrator and the statute cannot be read to permit petitioner to obtain a judgment of possession until the estate may be properly sued (see Westway Plaza Assoc. v Doe , 179 AD2d 408, 409-410 [1st Dept 1992]).
Further, as a statutory construct, summary proceedings must strictly comply with the provisions of RPAPL article 7 (see Dulberg v Ebenhart , 68 AD2d 323, 328 [1st Dept 1979]), under which there is no longer any authority to award a judgment of possession against an unrepresented estate. Petitioner's contention that a nonpayment proceeding's relationship to real property permits courts to provide relief in rem is meritless. Residential leases appurtenant to shares in a cooperative corporation, are personal property rather than real property (see Matter of State Tax Commn. v Shor , 43 NY2d 151, 154 [1977]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025